FILED

13 DEC 18 PM 1: 19

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GALEANA-LARA,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CASE NOS. 11-CV-2960 BEN<br>      11-CR-0847 BEN-1<br><br>**ORDER DENYING<br>28 U.S.C. § 2255 MOTION** |

Petitioner Gilberto Galeana-Lara moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence based on his alien status and challenges Bureau of Prisons' policies which preclude him from participating in certain pre-release programs. Both because he waived the right to challenge his sentence and because his Equal Protection argument lacks merit, the Court **DENIES** the motion.

## DISCUSSION

### I. WAIVER

The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily made" and "encompasses the

1   defendant's right to appeal on the grounds claimed on appeal." *United States v. Nunez*,

2   223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266,

3   1270-71 (9th Cir. 1998)).

4       Petitioner waived his right to collaterally attack his sentence in his plea

5   agreement.  Plea Agreement (Docket No. 18) ¶ XI.  The plea agreement states that

6   Petitioner "waives, to the full extent of the law, any right to appeal or to collaterally

7   attack the conviction and sentence, including any restitution order, unless the Court

8   imposes a custodial sentence above the greater of the high end of the guideline range

9   recommended by the Government pursuant to this agreement at the time of sentencing

10   or statutory mandatory minimum term, if applicable." *Id.* Petitioner's knowing and

11   voluntary waiver of his right to collaterally attack his sentence requires denial of his

12   § 2255 motion.

13   **II.   EQUAL PROTECTION**

14       Petitioner filed the present motion under 28 U.S.C. § 2255, but his Equal

15   Protection challenge to the constitutionality of certain Bureau of Prisons' policies is

16   better construed as a challenge to the manner in which his sentence is being executed

17   under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.

18   2000) (per curiam) (instructing that petitions challenging the "manner, location or

19   conditions of a sentence's execution must be brought pursuant to § 2241"); *see also*

20   *Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (illustrating that

21   challenges to Bureau of Prisons' policies are challenges to the execution of an inmate's

22   sentence).  Construing his motion liberally, the Court considers Petitioner's Equal

23   Protection claim under 28 U.S.C. § 2241. *See Zichko v. Idaho*, 247 F.3d 1015, 1020

24   (9th Cir. 2001) (noting a court's "duty to construe pro se pleadings liberally").

25       Petitioner claims that Bureau of Prisons' policies that prevent him from

26   participating in certain programs due to his alien status violate his right to Equal

27   Protection.  However, Bureau of Prisons policies preventing deportable aliens from

28   participating in certain programs survive constitutional challenge. *Cf. McLean v.*

1  *Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (finding BOP exclusion of prisoners
2  with detainers, including INS detainers, from community-based program based on
3  petitioners' alien status did not violate Equal Protection).

4        Additionally, a number of district courts have also found that policies preventing
5  alien prisoners from participating in certain pre-release programs are also justified
6  because the purpose of the program — helping prisoners reenter the community after
7  serving their sentence — is not advanced in the case of prisoners who will be deported
8  upon release. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1169-70
9  (S.D. Cal. 2000) (upholding deportable alien's ineligibility for community
10  confinement); *United States v. Rodas-Jacome*, No. 06-CV-1481, 2007 WL 1231630,
11  at *4 (S.D. Cal. Apr. 24, 2007) (upholding restrictions for alien prisoners to obtain
12  "good time" credits in rehabilitation programs).  Because deportable alien prisoners
13  pose a greater flight risk and the public policy justifications for pre-release programs
14  are inapplicable, the challenged policies survive constitutional scrutiny and Petitioner's
15  Equal Protection claim fails.  The Court also denies relief under § 2241.

16        The Court **DENIES** a certificate of appealability because the issues are not
17  debatable among jurists of reason and there are no questions adequate to deserve
18  encouragement.

19                                        **CONCLUSION**

20        Petitioner's motion is **DENIED**.  The Clerk shall close case number 11-CV-2960
21  BEN.

22        **IT IS SO ORDERED.**

23
24  DATED: December /8, 2013
25                          HON. ROGER T. BENITEZ
                        United States District Judge
26
27
28